**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

NANA KAMARA-REID,
　　　　　　*Defendant-Appellant.*

No. 00-4470

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CR-99-447)

Submitted: June 26, 2001

Decided: August 1, 2001

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Dale Warren Dover, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Thomas T. Ballantine, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Nana Kamara-Reid, a native and citizen of Sierra Leone, appeals her conviction following a jury trial for using a counterfeit employment eligibility card (green card) in violation of 18 U.S.C.A. § 1546(a) (West 2000). Kamara-Reid received a sentence of four months imprisonment based upon an undisputed guideline range of four to ten months.

Kamara-Reid first contends that the district court erred in denying her pretrial motion to suppress a photocopy of the counterfeit green card that she gave her employer. She argues that the Immigration and Naturalization Service (INS) regulation providing for a warrantless inspection of the employer's immigration records violates the Fourth Amendment and that the promulgation of such regulation exceeded the INS's authority. She also insists that the search was pretextual.

Kamara-Reid presented no evidence at the suppression hearing indicating a legitimate privacy interest in her employer's copy of her counterfeit green card. She did not establish where her employer kept the copy, who had access to it, or whether Kamara-Reid herself had access to enable her to remove it from her employer's records. Moreover, the rationale for the employer's collection of these immigration records is compliance with INS requirements and for INS inspection; thus, Kamara-Reid should have been aware that the documents were likely to be reviewed by the INS during her employment tenure. *Cf. United States v. Amon*, 669 F.2d 1351 (10th Cir. 1981) ("It is also clear that defendants' Fourth Amendment rights have not been violated by the Government since they could not legitimately claim an expectation of privacy in documents which they submitted voluntarily to the IRS and their employers."). Thus, we conclude that Kamara-Reid is not entitled to advance her Fourth Amendment challenges because she has not established a legitimate expectation of privacy in the area searched or the item seized. *Rakas v. Illinois*, 439 U.S. 128, 143, 148-49 (1978); *see Minnesota v. Olson*, 495 U.S. 91, 95-96 (1990); *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980).

Kamara-Reid next claims that the district court erred in declining to grant her motion for a downward departure based upon her status

as a deportable alien. Where the district court recognizes that it has the authority to grant a motion for downward departure, its refusal to do so is not reviewable. *United States v. Matthews*, 209 F.3d 338, 352-53 (4th Cir.), *cert. denied*, 121 S. Ct. 260 (2000). Here, although the district court arguably indicated that it lacked authority to depart on the basis sought by Kamara-Reid, it also stated that even if it had the authority, it would not have departed in Kamara-Reid's case. Because the district court made this alternative finding, we are without jurisdiction to review the district court's refusal to depart. *See United States v. Acevedo*, 229 F.3d 350, 356 (2d Cir. 2000). Therefore, we dismiss this claim for lack of jurisdiction.

Accordingly, we affirm Kamara-Reid's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*